The inhabitants of the town of STRATFORD *against* The inhabitants of the town of FAIRFIELD.

*June* 29.

The appointment of an overseer, by the select-men of a town, over a person residing in another town, is invalid.

A person over whom an overseer has been legally appointed, may, during the continuance of such appointment, gain a settlement, by commorancy.

Where it appeared, in an action by the town of *S.* against the town of *F.* for the support of a pauper, that some time before the commencement of the action, one of the select-men of *S.* gave notice to one of the select-men of *F.*, that the pauper was then supported by *S.*, and that *F.* must support him, or pay for his support, upon which the select-men of *F.* utterly refused to support him, and denied the liability of *F.* for his support ; it was held, that such refusal of support and denial of liability amounted to a waiver of the notice and demand, which, otherwise, would have been necessary.

In an action brought by the town of *S.* against the town of *F.*, for the support of *B.*, a pauper, whose original settlement, which was in *S.*, had been transferred, as the plaintiffs claimed, to *F.*, by six years residence therein ; the defence was, that certain inhabitants of *S.*, and especially one *H.*, a select-man of *S.*, had procured the residence of *B* in *F.*, with the fraudulent intent of imposing him on that town for support. To repel this defence, the plaintiffs introduced *H.* as a witness, who denied the imputed fraud. To contradict and discredit the testimony of *H.*, the defendants then offered to prove, that in a conversation just before the expiration of the six years, *H.* said, " I am pretty old ; I shall get *B.* on to the town of *F.* soon ;" and that just after the six years had expired, he said to another person, " By *George*, drown the rats ! We have got him on to *F.* now." Held, that these declarations of *H.* were admissible.

THIS was an action of *assumpsit*, for the support of *Lewis Beach*, alleged to be a settled inhabitant of the town of *Fairfield*.

The cause was tried, on the issue of *non-assumpsit*, at *Fairfield, December* term 1820, before *Chapman*, J.

To maintain the issue, on the part of the plaintiffs, it was necessary for them to prove, that *Beach* had become an inhabitant of *Fairfield*, by a residence of six years, in that town, during, and subsequent to, the year 1806. The fact of such residence was denied, by the defendants. To obviate the testimony introduced by the plaintiffs to prove such residence, the defendants offered evidence to prove, that certain inhabitants of *Stratford*, procured such residence fraudulently, for the purpose of imposing the pauper on *Fairfield ;* which was effected chiefly, by the agency of one *Samuel Hawley*, who was a select-man of *Stratford* from 1805 to 1815. *Hawley* being introduced by the plaintiffs as a witness, denied, that he

Fairfield,
June,
1821.

Stratford
v.
Fairfield.

had procured *Beach* to reside in *Fairfield* at all. He also denied, on cross-examination, that he had furnished any supplies to *Beach*, or practised any fraud to make him an inhabitant of *Fairfield*. The defendants then offered a witness, to testify, that *Hawley*, in conversation, just before the six years had expired, said,—" I am pretty old—I shall get *Beach* on to the town of *Fairfield*, pretty soon;" and that just after the six years had expired, he said to another witness—" By *George*, drown the rats! We have got him on to *Fairfield*, now." This testimony was objected to, by the plaintiffs; and the judge rejected it.

In the progress of the trial, the defendants denied, that any legal demand had been made of them before the commencement of the action. The facts were these. Some time before the commencement of the action, one of the select-men of *Stratford* had given notice to one of the select-men of *Fairfield*, that *Beach* was then supported by the former town, and that the latter town must support him, or pay their disbursements; and the select-men of *Fairfield* utterly refused to support him, and denied the liability of *Fairfield* for his support.

It appeared, that from *January* 1809 to *January* 1810, *Samuel Hawley* acted as overseer of *Beach*, by appointment of the select-men of *Stratford;* and the defendants insisted, that such year should not be computed in the six years. The plaintiffs insisted, that if *Beach* was, during that year, a resident in *Fairfield*, and had been so since 1806, the appointment was void; and if not void, yet it could not affect his settlement. The judge instructed the jury, that by the facts admitted, a sufficient demand had been made; and that the appointment of an overseer, if *Beach* was a resident in *Fairfield* from 1806 to 1809, was void.

The plaintiffs having obtained a verdict, the defendants moved for a new trial, for the rejection of the testimony offered by them, and for a mis-direction.

*Sherman*, in support of the motion, contended, 1. That the declarations of *Hawley*, a witness for the plaintiffs, to establish the fairness of *Beach's* residence in *Fairfield*, and to repel the imputation of fraud, ought to have been received, to impair the credibility of his testimony. These declarations

*Fairfield,*
*June,*
1821.

Stratford
*v.*
Fairfield

are repugnant to the fact, which it was the object of *Hawley's* testimony to establish.

2. That the direction to the jury as to notice and demand, was incorrect. The disbursements, for which the action is brought, extended to the commencement of the action. Of these disbursements, no notice was given, or demand made. A notice previously given, that *Stratford* was *then supporting* the pauper, and a demand of remuneration for *future* disbursements, were not such notice and demand as the law required. Nor did the defendants ever waive, or have an opportunity to waive, notice and demand, in relation to the disbursements in question. The defendants had, at all times, an unqualified right to contest their liability ; and it would be preposterous to say, that the exercise of this right should operate to deprive them of another right, or ground of defence.

3. That the appointment, by the select-men of *Stratford,* of an overseer to an inhabitant of that town, though residing, at the time, within the limits of another town, was valid. The *object* of the statute (*tit.* 88. *c.* 1. *s.* 8.) requires this construction. The *subjects* of its provisions are the *inhabitants* of the town : nothing is said about their *domicil.* If the appointment was valid, then the pauper could do nothing towards acquiring a settlement, during its continuance. No person who is disabled to make a contract, can gain a settlement—*e. g.*—infants. *Huntington* v. *Oxford,* 4 *Day* 189. The only disability of an infant, is, that he cannot make a contract.

*Daggett* and *J. Backus,* contra, contended, 1. That what *Hawley* had said, was not admissible. He was not a *party,* so as to make his declarations evidence. As a *witness,* he could not be asked any question not relevant to the issue, for the purpose of discrediting him.

2. That a new trial ought not to be granted, for any defect of notice and demand. In the first place, no foundation is laid in the motion for raising the objection. It is not stated *what part* of the account, nor indeed that *any* part, accrued subsequent to the notice given. Secondly, further notice was *waived,* by the conduct of the agent of the defendants. Thirdly, as the jury have found, that the entire amount of expenditures claimed, was made, justice does not require that there should be a new trial.

3. That the select-men of *Stratford* were not empowered to appoint an overseer to a man residing in another town. There is nothing in the words or the object of the statute, extending the power of the select-men beyond the limits of their own town ; and the analogies of law are opposed to such an extension.

4. That if the appointment were valid, it would not prevent the pauper from gaining a settlement. His incapacity is limited to a single subject ; and is created for a special purpose : as to every other subject, and in every other respect, he is *sui juris.*

*Fairfield,*
June,
1821.

*Stratford*
*v.*
Fairfield.

HOSMER, Ch. J. The appointment of an overseer, by *Stratford,* over *Beach,* when residing in the town of *Fairfield,* was invalid. He was not in the town of *Stratford,* subject to the inspection of the select-men, and to the appointment by them of an overseer ; (1 *Stat. Conn. tit.* 88. *c.* 1. *s.* 8.) and if it had been duly made, it could not have affected his commorancy in *Fairfield.* He would have remained *sui juris,* as to every thing, but the making of contracts.

The refusal of the select-men of *Fairfield* to support the pauper, and denial of their liability to do it, some time before the commencement of the action, amounted to a waiver of notice and demand ; which, otherwise, would have been necessary, on the part of *Stratford.* The precise time of the waiver is not specified ; but there is nothing on the motion, from which it appears, that it had any other than a retrospective operation. It must be presumed, that the jurisdiction of the court was exercised soundly, except so far as this presumption is repelled.

Evidence was offered to impair the credibility of one *Hawley,* a select-man of *Stratford,* and a witness, and was rejected ; which is the only point that remains to be considered.

The defendants exhibited testimony conducing to prove, that certain inhabitants of *Stratford* procured the residence of *Beach* in *Fairfield,* with the fraudulent intent of imposing the pauper on that town, and chiefly through *Hawley's* agency. To annul the effect of this evidence, *Hawley* was adduced as a witness, by *Stratford,* and denied that he had procured *Beach* to reside in *Fairfield,* or furnished him with any supplies while there, or practised any fraud to render him an inhabitant of the latter town. To contradict *Hawley,* a witness

*Fairfield,*
*June,*
*1821.*

*Stratford*
*v.*
*Fairfield.*

on the part of *Fairfield* was offered, to testify, that in a conversation just before the expiration of the six years' residence, which would constitute the pauper an inhabitant of the said town, *Hawley* said : "I am pretty old ; I shall get *Beach* on to the town of *Fairfield*, pretty soon." And that just after the six years had expired, he said to another witness, "By *George*, drown the rats ! We have got him on to *Fairfield*, now." The offered evidence wás repelled, and in my opinion, incorrectly. It was material to show, that *Hawley* had not testified truly ; and the proposed testimony conduced to prove this fact, and should have been committed to the jury. His declaration, that "he should get *Beach* on to the town of *Fairfield*," implies, that he was instrumental in procuring the pauper's residence there ; and his exultation at the event, accompanied with the expression, "We have got him on to *Fairfield*, now," has too much the appearance of a triumph on the success of unjustifiable means, to which craft and selfishness had prompted him.

On the ground of the last objection, I would advise to a new trial.

The other Judges were of the same opinion.

New trial to be granted.